Patrick M. Flatley
United States Bankruptcy Judge

Dated: Tuesday, April 29, 2014 2:17:10 PM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                              )
                                                    )
RUSSELL F. COLLINS and                              )
DELLA M. COLLINS,                                   )    Case No. 13-545
                                                    )
                Debtors.                            )    Chapter 7
_____                )

## MEMORANDUM OPINION

Pending before the court is a Motion Requesting Reissuance of Notice of Need to File Proof of Claim Due to Recovery of Assets ("Motion for Second Claims Notice") filed by Robert W. Trumble, the Chapter 7 trustee ("Trustee") appointed to administer the Debtors' Chapter 7 bankruptcy estate. The Debtors object to the issuance of a Second Claims Notice on the basis that neither the Bankruptcy Code nor Federal Rules of Bankruptcy Procedure authorize such action.

For the reasons stated herein, the court will deny the Trustee's motion.

### I. BACKGROUND

On April 30, 2013, the Debtors filed a voluntary Chapter 7 petition in this court. The notice of the meeting of creditors, which the Clerk sent to all interested parties, advised those with claims against the bankruptcy estate to not file proofs of claim unless and until they received an additional notice of the need to do so. On June 27, 2013, the Trustee designated this case as one with insufficient assets to administer for the benefit of creditors of the bankruptcy estate, and the court subsequently entered discharge and closed the case. Eight days later, the United States Trustee (the "UST") moved to reopen the Debtors' case to administer a newly acquired asset — a cash inheritance totaling $85,000.00 — and reappoint the Trustee. The court reopened this case by order dated August 14, 2013. On October 15, 2013, the Debtors amended their Schedules B and C to account for the inheritance and exempt $24,590.00 thereof under W. Va. Code § 38-10-4(e), which left the Trustee with $60,410.00 to distribute to creditors of the bankruptcy estate.

1

On September 27, 2013, the Clerk, upon receiving notification from the Trustee, issued to all creditors the Notice of Need to File Proof of Claim Due to Trustee's Notice of Assets ("Notice to File Claims"). Consistent with Fed. R. Bankr. P. ("Rule") 3002(c)(5), the Clerk set December 28, 2013, as the deadline by which creditors wishing to share in a distribution from the bankruptcy estate had to timely file proofs of claim. Three creditors timely filed proofs of claim, each of which appears to be unsecured. The three timely filed proofs of claim total $713.83.

On February 27, 2014, the Trustee filed his Motion for Second Claims Notice with the court in an effort to generate more interest from a fairly significant creditor body.[1] On the following day, consistent with past practice and before the court acted upon the Trustee's Motion, the Clerk issued a second notice to creditors in the case advising them that they could file a proof of claim with the Clerk on or before June 2, 2014, if they wished to share in any distribution of funds from this bankruptcy estate.

## II. DISCUSSION

The Trustee asks the court to approve the Clerk's issuance of the Second Claims Notice on the basis that he has a duty to administer assets of the bankruptcy estate for the benefit of all parties in interest, including the Debtors and unsecured creditors. The Debtors object to the Trustee's motion and the issuance of the Second Claims Notice because they assert that the Bankruptcy Code and Rules are devoid of any authority to support such action. The court agrees with the Debtors that the Bankruptcy Code and Rules do not specifically address the ability of the court or clerk to issue a second solicitation to creditors in an effort to generate what would be, perforce, tardily-filed proofs of claim.

The commencement of a case under Chapter 7 of the Bankruptcy Code creates an estate comprised of various property, including a debtor's interest in property that is acquired by inheritance within 180 days postpetition. 11 U.S.C. § 541(a)(5). Also upon the commencement of a Chapter 7 case, the UST appoints a disinterested person to serve as interim trustee in the case. 11 U.S.C. § 701(a)(1). It is the practice in this district that the interim trustee ultimately serves as

---

[1] According to the Debtors' Summary of Schedules, which they filed with their voluntary Chapter 7 petition, they owed a total of over $100,000.00 in priority and general unsecured debt.

2

trustee in the case. 11 U.S.C. § 702(d). The trustee has a duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).

Creditors of the debtor interested in sharing in a distribution from the bankruptcy estate generally must file a proof of claim. Rule 3002(a). Creditors who timely file proofs of claim are entitled to receive a distribution from the bankruptcy estate before those who tardily file proofs of claim. 11 U.S.C. § 726(a). Based upon local practice in this district — the Clerk initially designating each Chapter 7 case as a "no-asset" case and notifying creditors to not file proofs of claim unless subsequently notified to do so — proofs of claim are timely if filed by the deadline set in the Clerk's Notice to File Claims; the deadline generally being 92 days thereafter.[2] The Bankruptcy Code and Rules do not address subsequent solicitations, by whomever, to creditors in the event few, if any, creditors timely file proofs of claim. Because there is no specific statutory or rule-based support for a second solicitation to creditors and no directive to the Clerk to issue a second notice, the court generally agrees with the Debtors that a second solicitation for claims emanating from the court or clerk should not be issued absent extraordinary circumstances, and the expense of any subsequent solicitation should not be borne by the judiciary.[3]

By statute, however, tardily-filed proofs of claim generally may share in a distribution from a bankruptcy estate after the trustee satisfies timely-filed proofs of claim, and before anything is returned to the debtor, if the estate possesses assets of a value sufficient to leave a surplus. 11 U.S.C. § 726(a)(3), (6). Moreover, a bankruptcy trustee generally may file proofs of claim on behalf

---

[2] Rule 3002(c)(5) requires the Clerk to give "at least 90 days' notice by mail to creditors . . . by which proofs of claim must be filed." The bankruptcy noticing center places the notice in the mail up to two days after it is issued by the Clerk; therefore, to comply with Rule 3002(c)(5), the deadline is 92 days from the date of the issuance of the notice, which is also 90 days from the date of the mailing.

[3] The court is cognizant that unusual circumstances (*e.g.*, an ambiguity in the original solicitation, a problem in the mailing of the solicitation, or a technical error) may arise where it may be appropriate for the court or Clerk to issue a second, or even substituted, solicitation for proofs of claim. Here, however, the Trustee does not assert any unusual circumstances, and the court perceives none, that would justify the court or Clerk issuing to creditors a second solicitation for claims.

of creditors.  11 U.S.C. § 501(c); Rule 3004.  Finally, although the Bankruptcy Code and Rules do not explicitly support a second solicitation of claims emanating from the court or Clerk, the Trustee's duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest," § 704(a)(1), may include keeping a bankruptcy estate, like the Debtors' estate, open for a reasonable period of time and soliciting tardily-filed proofs of claims from creditors.  Such action rests in the sound business judgment of the trustee, and the court finds that the Trustee has exercised sound business judgment, consistent with past practice in this district, in soliciting tardily-filed proofs of claim.  The court finds, however, that henceforth the Trustee cannot use court personnel or judiciary resources in making subsequent solicitations to creditors.  To be clear, however, in this case the Trustee may propose to treat as tardily filed any claims filed in response to the Second Claims Notice or hereafter until the Trustee finally administers the bankruptcy estate.

### III.  CONCLUSION

Based upon the foregoing, the court will enter a separate order denying the Trustee's motion.